**FRIESENHAHN et al. v. TIPS ENGINE WORKS.  (No. 6940.)***

(Court of Civil Appeals of Texas. Austin. March 10, 1926. Rehearing Denied April 14, 1926.)

**1. Appeal and error ⬤⇒500(2).**

Assignments of error in sustaining exceptions to portions of petition will not be reviewed in absence of showing in transcript that trial court made and entered order acting on exceptions.

**2. Evidence ⬤⇒155(8)—Where one party offers portion of instrument, the other may offer remainder if explanatory of first portion.**

Where one party offers portion of instrument in evidence, the other party may offer remainder, if affording explanation of first portion, so that tenor and effect of whole instrument may be had.

**3. Evidence ⬤⇒155(8) — Where admissions against interest made in letter were admitted, and the other party in rebuttal introduced remaining portions of letter, admission of reply to letter held not open to objection.**

Where portions of letter were admitted as admissions against interest and the other party in rebuttal offered remainder of letter containing hearsay statements and self-serving declarations and conclusions, admissions in surrebuttal of further correspondence in answer thereto held not open to objection.

**4. Trial ⬅➡143.**

Directed verdict is not warranted where evidence is conflicting.

**5. Appeal and error ⬅➡730(1).**

Where four issues were submitted to jury and plaintiffs made nine separate and distinct objections thereto, assignment that court erred in overruling objection to charge and issues *held* too general for consideration.

**6. Trial ⬅➡350(4)—In action for breach of warranty, where issue was whether defects in engine had been remedied, special issue on hypothesis that they had been remedied, without finding or issue submitted as to whether they had, held reversible error (Rev. St. 1925, art. 2189).**

In action for breach of warranty that oil engine as sold was not defective in materials, workmanship, or operation, where it was undisputed that engine contained defects, but defendant claimed to have remedied them, special issue, over sufficient objection by plaintiff, on the hypothesis that defects had been removed, without finding or issue on that point, *held* reversible error in view of Rev. St. 1925, art. 2189.

**7. Sales ⬅➡446(7)—In action for breach of warranty that engine would furnish sufficient power to operate gin equipped with air blast and regular equipment, refusal to instruct that plaintiff had no obligation to operate at any specific speed and could operate at speed developing maximum capacity held proper.**

In action for breach of warranty that oil engine would furnish sufficient reliable power to operate gin equipped with air blast and regular equipment, refusal to instruct that plaintiff was under no obligation to operate units of plant at any specific rate of speed and had right to operate at speed developing maximum capacity *held* proper.

**8. Sales ⬅➡446(6)—Instruction, in words of warranty, that oil engine would furnish sufficient power to operate gin held sufficient, successful operation within reasonable limits being implied.**

In action for breach of warranty that oil engine would furnish sufficient power to operate gin, instruction in words of warranty *held* sufficient, though not using word "successfully" before "operate"; successful operation within reasonable limits being implied.

**9. Sales ⬅➡439.**

Buyer having paid for engine and electing to sue for breach of warranty rather than to rescind had burden of proving that engine did not conform to contract.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Jacob Friesenhahn and others against the Tips Engine Works. Judgment for defendant and plaintiffs appeal. Reversed and remanded.

Adolph Seidemann, Schleyer & Treisch, and Frank B. Voigt, all of New Braunfels, and Guinn & McNeill of San Antonio, for appellants.

White, Wilcox, Graves & Taylor, of Austin, for appellee.

BAUGH, J. On or about March 3, 1923, the appellants made and entered into a written contract with the Tips Engine Works, then operating under the name of Tips Foundry & Machine Company, whereby appellants agreed to purchase for future delivery "one 100 H. P. Tips type J. vertical 3-cylinder oil engine complete with all fittings and fixtures." This contract, amongst numerous other provisions, provided that "the machinery herein specified is guaranteed by the seller to be well made, of good material, in a workmanlike manner"; and also that—

"If requested, after the machinery is properly installed, seller's engineer will, at purchaser's expense, operate the same three (3) days, demonstrating that the engine will furnish needed reliable power to operate purchaser's plant consisting of 4–80 Munger gin system with air blast and regular equipment, and that the engine will operate successfully using as fuel the following: [Designating the character of fuel required]."

Said engine was subsequently, on or about June 1, 1923, shipped by appellee to appellants at Comal, Tex., and draft for the purchase price of $5,500, with bill of lading attached, drawn by appellee on appellants, sent to a bank at New Braunfels. After some controversy this draft was paid, and the engine unloaded and installed in appellants' gin. Not having proved satisfactory to appellants after use during the ginning season of 1923, and having failed to adjust their differences amicably with appellee, this suit was filed by appellants, asking for damages for breach of warranty of said written contract. Appellants alleged that the engine was defective in numerous respects, in materials, in workmanship, and in operation, and especially that it breached said contract by failure to furnish needed reliable power to operate appellants' gin as contracted for. Appellee, Tips Engine Works, defended, among other things, on the ground that the defects in the engine, if any, had been removed; that said engine furnished the power contracted for; that the failure to successfully operate appellants' gin was caused by the failure of the plaintiffs to install and equip their gin system with the regular equipment called for in the contract; and that they had geared their gin equipment so as to operate same at an excessive and unusual rate of speed, thus overloading the engine.

The case was submitted to a jury upon the following special issues:

"Question No. 1. Did the defendant deliver to the plaintiffs an engine capable of developing 100 horse power, in accordance with the

written contract entered into by and between the plaintiffs and defendant, introduced in evidence in this case? Answer this question 'Yes' or 'No.'

"Question No. 2. After the defects (if any) in said engine had been removed (if they were removed) by the defendant, Tips Engine Works, did the engine which was furnished by defendant to plaintiffs under the contract entered into by and between plaintiffs and defendant furnish needed reliable power to operate plaintiffs' plant, consisting of 4–80 Munger gin system with air blast and regular equipment? Answer this question 'Yes' or 'No.'

"Question No. 3. Did the plaintiffs fail to equip their gin plant in the usual and regular way, and equip it in such manner as to require it to run and operate the machinery at an unusual and excessive rate of speed? Answer this question 'Yes' or 'No.'

"Question No. 4. If you answer 'Yes' to question No. 3, then answer this question: Did the fact (if it be a fact) that said plant was not equipped in the usual and regular way require more than 100 horse power to pull said plant at such unusual and excessive rate of speed (if there was any unusual and excessive rate of speed)? Answer this question 'Yes' or 'No.' "

The jury answered each of said questions in the affirmative. The court thereupon rendered judgment that the appellants take nothing; from which judgment this appeal is prosecuted.

Appellants' brief is not prepared in accordance with the rules, and has rendered us little assistance.

[1] Their first four assignments and the first seven propositions thereunder complain of the action of the trial court in striking out portions of appellants' petition by sustaining appellee's exceptions thereto. Neither in the judgment nor elsewhere in the transcript do we find that the trial court made and entered any order acting upon said exceptions. The bill of exceptions does show that the trial court sustained said exceptions, but this is not sufficient to authorize us to consider these assignments. As stated in Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899:

"The courts of this state have repeatedly held that the action of the trial court on demurrers will not be reviewed on appeal in the absence of a judgment entry showing the ruling of the court, although the ruling is made to appear in a bill of exception."

See, also, Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 471; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442; Railway Co. v. Cartwright (Tex. Civ. App.) 151 S. W. 630.

[2, 3] Nor is there any merit in appellants' assignments 5 and 6. Appellee offered in evidence portions of appellants' letter to it, dated August 30, 1923, containing admissions against interest, chiefly that the engine had no defect except failure to furnish sufficient power. The other portion offered by appellee merely recited the terms of the contract, the claimed breach, a refusal by appellants to accept the engine, and made demand for a return of the purchase money, and damages. The letter is too long to set out here. In rebuttal the appellants then offered the remainder of said letter. The portion offered by appellants themselves contained hearsay statements and self-serving declarations and conclusions—in brief, it set forth fully the contentions of the appellants upon which this suit was brought. Thereupon, in surrebuttal the court admitted the reply of the Tips Engine Works to said letter, which set forth in full the appellee's side of the controversy, substantially as pleaded by it in defense to this suit.

The rule is well settled that, where one party offers a part of an instrument, the other party may offer the remainder, if same affords an explanation of the first portion offered, to the end that a complete understanding of the tenor and effect of the whole instrument may be had. This rule, however, is subject to limitation that no more of the remainder than concerns the same subject and is explanatory of the part offered is receivable. This exception, however, has not been rigidly enforced. See 3 Wigmore on Evidence, § 2113, p. 2861. If this rule were enforced as to the portion of their own letter offered by the appellants themselves, it perhaps should have been excluded as not being altogether explanatory of the portion offered by appellee. Having thus opened up the correspondence between the parties, relating to the controversy, the appellants cannot complain that appellee offered the remainder of the correspondence setting forth its contentions in the controversy. The error, if any, was invited by the appellants themselves. See 3 Wigmore on Evidence, § 2104, p. 2844; 22 Corpus Juris, § 163, p. 196, and notes thereunder; Werner v. Kasten (Tex. Civ. App.) 26 S. W. 322; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873.

[4] Appellants' seventh assignment of error complains of the refusal of the court to instruct the jury to return a verdict in favor of plaintiffs. This assignment is overruled. The issues as pleaded were clearly drawn and the evidence conflicting as to whether the difficulty in the operation of the gin was due to failure of the engine to furnish adequate power, or to the manner in which the appellants operated their gin. They were not, therefore, as a matter of law, entitled to an instructed verdict.

[5] The eighth assignment of error was as follows:

"The court erred in overruling plaintiffs' objection to the charge and issues submitted by the court to the jury."

The four issues above set out were submitted, and the plaintiffs made nine separate and distinct objections thereto. It is obvious,

therefore, that said assignment is too general to be considered.

[6] We sustain the ninth assignment of error. This assignment was as follows.

"The court erred .in issue No. 2 submitted to the jury by the qualifications in the first paragraph, 'after defects had been removed,' there being no finding or issue submitted as to whether or not there were any defects nor whether the same, if any, had been removed, it being also apparent from the form of said question that the court had made no finding on such preliminary issues, all of which makes the answers of the jury to issue No. 2 meaningless and ineffective, the premises upon which such question and the answer thereto was based being without any finding to support same, and because it cannot be determined from the answer or the question whether such answer was based upon the fact that no defects ever existed, or that defects did exist and had been removed or that same could have been removed by the installment of new cylinders and pistons or otherwise."

Appellants alleged that the engine delivered was defective in materials, in workmanship, and in operation; and that it failed to furnish the power contracted for. The written contract of sale, upon breach of which this action is founded, warranted said engine in all these respects. The undisputed evidence showed that the engine did contain some defects. The mechanics for Tips Engine Works admitted that the engine had defective piston rings, and perhaps a defective clutch, and cylinder head, and that there was a "slap" in the engine. The evidence shows .that some four or five different sets of piston rings were put in the engine and much work done on it in an effort to make it operate satisfactorily. The issue, therefore, was clearly drawn as to whether or not the defects in the engine had been removed. It was the contention of appellants, supported by their testimony, that such defects had not been removed. That being true, they were entitled to have this issue separately and distinctly submitted to the jury, independent of the issue as to whether the engine furnished the power contracted for. They did not offer a charge submitting this distinct issue, but it was clearly raised by the ·pleadings and the evidence, and their objection to issue No. 2, submitted by the court, was sufficient to call the court's attention thereto, and to require the court, under article 1985, R. S. 1911, to submit such issue. The jury's answer to said question No. 2 was necessarily based either upon the assumption that the defects had been removed, and that thereafter the engine furnished the power contracted for, or else required the jury to answer both issues in one. The question, therefore, as submitted was erroneous, and requires a reversal of the case. See articles 1984a and 1985, Vernon's Sayles' Statutes 1914; article 2189, Revised Statutes 1925; Fox v. Dallas Hotel Co., 240 S. W. 517, 111 Tex. 475; City of Austin v.

Bush (Tex. Civ. App.) 260 S. W. 306; Austin Gaslight Co. v. Anderson (Tex. Civ. App.) 262 S. W. 137; Ry. Co. v. Amason (Tex. Com. App.) 276 S. W. 169; G., C. & S. F. Ry. Co. v. Locker (Tex. Civ. App.) 264 S. W. 595; Id. (Tex. Com. App.) 273 S. W. 831; Crow v. Monroe (Tex. Civ. App.) 273 S. W. 888. The case last cited presents a situation almost identical with the one in the instant case.

We find no proposition under appellants' assignments 10, 17, and 18, and will treat them as abandoned.

[7] The eleventh and ·twelfth assignments are overruled. It was neither necessary nor proper to instruct the jury that the plaintiffs, under the contract, were "under no obligation to operate any of the various units of .their gin plant at any specific rate of speed"; nor that they had a right to "operate their gin plant at such a rate of speed as would develop maximum capacity of their said gin plant." The warranty in the contract was that the engine would furnish needed reliable power to operate appellant's gin, described in the contract, equipped "with air blast and regular equipment." Such warranty implied the operation of such regular equipment under normal conditions and in the usual and customary manner.

[8] In their thirteenth assignment appellants complain of the refusal of the court to submit their special issue No. 6, which was as follows:

"Did the engine which was furnished by defendant to plaintiffs furnish needed reliable power to successfully operate plaintiffs' plant consisting of 4–80 Munger gin system with air blast and regular equipment?"

The court refused this on the ground that same was substantially submitted in question No. 2. But for the fact that such question No. 2 is subject to the objections above discussed, we think the court was correct. Appellants urge that under the contract said engine was to furnish needed reliable power to "successfully" operate their plant. Of course, the word "operate" necessarily implies, within reasonable limits, that successful operation is intended, but it cannot be construed to mean that such engine was to furnish whatever power was needed by appellants to operate their gin plant "successfully" regardless of the manner in whch they operated said plant. The language used by the court was the exact language of the warranty itself, and was sufficient.

[9] The fifteenth assignment and propositions 24 and 25 thereunder complain of the court's charge as to the burden of proof. The court's charge thereon was as follows:

"The burden of proof rests upon the plaintiffs in this case to show by a preponderance of the evidence that the engine described in the contract entered into between plaintiffs and defendant, introduced in evidence in this case,

was not in accordance with the provisions of said contract."

Appellants insist that the sale of the engine was conditioned upon its fulfilling the requirements of the test specified in the contract, and that the burden rested upon appellees to prove such compliance. The contract of sale, entered into some time before the delivery of the engine, contained, amongst others, the following provision:

"The purchaser agrees to receive the machinery and property and pay all freight charges thereon upon its arrival," etc.

The engine was shipped to the point designated in the contract. The draft for the purchase price was paid and the engine installed in appellants' gin and used by them during the entire ginning season. After the engine was delivered to appellants on their premises and paid for by them, their remedy was either to rescind the sale, if defrauded, or to recover damages for breach of warranty. They elected to sue for damages for breach of warranty, and the burden rested upon them to show such breach. Appellants, in discussing propositions 21 to 23 in their brief, expressly assumed such burden. The charge of the court on this issue was correct.

Though all of appellants' assignments have not been expressly referred to, what we have said disposes of the questions raised therein. Because of the trial court's error in submitting question No. 2 in the manner and form in which it was submitted, the judgment must be reversed and the cause remanded for another trial.

Reversed and remanded.