## EMERSON–BRANTINGHAM IMPLEMENT CO. v. CORNUTT et al. (No. 7280.)

Court of Civil Appeals of Texas. Austin. Nov. 14, 1928.

Smithdeal, Shook, Spence & Bowyer and Lewis B. Lefkowitz, all of Dallas, for appellant.

McCLENDON, C. J. Appellant sued appellees on two promissory notes given in payment for a motor cultivator, sold by appellant to appellees upon a written contract. Appellees defended on grounds of fraud and failure of consideration, alleging that appellant's agent had represented the cultivator as being capable of operating a break or gang plow and binder, which it would not do. Judgment for appellees on special issue verdict. Appeal by the implement company.

We sustain appellant's contention that under the pleadings the evidence will not support the verdict, and therefore pretermit statement and discussion of other numerous propositions urged. Appellees have filed no brief.

The written contract under which the machine was sold was in the form of an order signed by appellees, and contained the following provisions:

"The Company warrants each machine ordered herein to be well made, of good material, and with proper use and management to do as good work as any other machine of the same size manufactured for a like purpose, and if any such machine fails within three days after its first use to perform as warranted, the Dealer shall give written notice to the Company, at Rockford, Illinois, stating wherein it fails, and shall allow a reasonable time for the Company to send a man to remedy the defects, if any, the Dealer rendering friendly and necessary assistance. Whereupon, if the machine cannot be made to fulfill the warranty, the Dealer shall return it to the Company on cars at the place to which it was shipped as above, free of charge, in as good condition as when received, except natural wear, and at the option of the Company a new machine shall be furnished in its place, or the settlement credited with the price thereof; either of which, when done, shall be a complete fulfillment of the obligations of the Company under this contract, and failure to give notice as above specified shall be conclusive evidence that the machinery fulfills the warranty. No other or different warranty than the foregoing shall be binding upon the Company, either to the Dealer or to any purchaser from the Dealer.

"Dealer acknowledges having received a copy of this order, and that no promises, representations or agreements have been made except as herein contained.

"This order is taken subject to acceptance by the Company at Rockford, Illinois, or by its Branch House Manager for the territory in which this order is given, and notice of such acceptance is hereby expressly waived by the Dealer."

It was dated at Byers, Tex., January 31, 1925, and accepted at appellant's Dallas branch February 2, 1925. Appellant's catalogue, showing a picture and giving general description of the cultivator, contained the following:

"The E-B No. 101 Motor Cultivator was designed for preparing the seed bed (after the plow) discing, harrowing, planting and then cultivating the crop.

"The motor is four cylinder, developing at the belt 16 H. P. at 1000 revolutions."

The cultivator was shipped from Dallas about the time the order was accepted there, and was delivered at Byers in due course. Within a day or two after it arrived, there was a demonstration conducted by Ayers, appellant's "service man." The machine proved entirely satisfactory as a cultivator. Appellees then requested that it be tested in the operation of a break or gang plow. This Ayers declined to do, stating that the machine did not have sufficient power and was not designed for that purpose. According to appellant's testimony, no other test or use was made of the machine until in June, when Ayers tested it with a binder in harvesting wheat. Appellees' testimony was to the effect

that it would not pull the binder successfully, because it did not develop sufficient speed to prevent the binder from choking. Ayers testified that the machine was then in very bad condition and worn from use, but after some repairs made by him it operated as well as a machine of that horse power would with the character of binder used. According to appellees' testimony, the machine was not used again until the following June, when they tested it again with a binder, and it did not operate successfully. In the meantime, in November, 1925, one of the notes was renewed.

The evidence will not support the allegations of fraud.

The verbal representations claimed to have been made by Chambers were clearly in direct conflict with the above-quoted provisions of the written contract, and were therefore incompetent as evidence in the case.

In order for appellees to defeat recovery, it is essential that they show by pleading and proof a breach on appellant's part of the written contract. There is no pleading and no proof that the cultivator failed in any respect to meet the written guaranty. Both the pleading and proof, therefore, are insufficient to support the judgment.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.