NEW TRENDS, INC., Appellant,

v.

STAFFORD–LOWDON COMPANY, Appellee.

No. 17701.

Court of Civil Appeals of Texas, Fort Worth.

May 21, 1976.

Rehearing Denied June 18, 1976.

Lyne, Klein, French & Womble, and Erich F. Klein, Jr., Dallas, for appellant.

Wynn, Brown, McConnico, Mack, Renfro, & Thompson, and Henry C. Meyer, III, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

Stafford-Lowdon Company, appellee, initiated this action by suing New Trends, Inc., appellant, on a sworn account for sums that it alleged were owed to it for printing work that it had done under contract for the appellant. The appellant filed a proper written verified denial, as required by Rule 185, T.R.C.P., wherein it denied the justness of each and every item of the account. In the appellant's answer it also affirmatively pleaded as a defense that the appellee expressly and impliedly warranted that the work would be of high quality and done in a workmanlike manner and that the color reproductions would be accurate and that these warranties were breached and the appellee's printing job was not performed in a good and workmanlike manner. The appellant also urged a cross-action wherein it alleged the breach of those warranties. It contended the breach caused it to lose profits in its business. By the counterclaim appellant sought to recover as damages from appellee the lost profits and expense it incurred in having another printer re-do part of the work.

A jury trial was had and on receipt of the verdict the trial court rendered judgment in favor of Stafford-Lowdon Company for $22,407.45, plus attorney's fees. The counterclaim of New Trends, Inc., was denied.

This appeal is brought by New Trends, Inc., from that decree.

We affirm.

■ The effect of New Trend, Inc.'s verified denial of the correctness of Stafford-Lowdon Company's sworn account was to destroy the probative force of the itemized account attached to its petition and to put Stafford-Lowdon Company on proof of its claim. Stafford-Lowdon Company, by virtue of New Trend, Inc.'s verified denial, had the burden in this case of proving its cause of action the same as it would have had to prove it up at common law. See *Burrus Mills, Inc. v. Hein*, 399 S.W.2d 950 (Tex.Civ.App., Houston, 1966, ref., n.r.e.).

The appellee had alleged in its petition: "That the verified account attached . . arises out of business dealings between the parties, and is also an account covering certain color catalogues, goods, wares and merchandise, which Plaintiff, at the special instance and request of the Defendant, sold and delivered to the Defendant, on or about the dates specified, and in consideration whereof, the Defendant then and there promised to pay to Plaintiff the sums of money charged therefor, and upon the terms shown in said account . . . . ."

The evidence shows that the parties had four transactions between them.

1. The undisputed evidence in the case showed that New Trends, Inc. was interested in having printed some 24-page colored catalogues for use in its business. Stafford-Lowdon Company submitted a written bid to appellant on that job wherein it offered to print the colored catalogues for appellant for a specified price per thousand catalogues ordered. Appellant accepted such bid and under that contract Stafford-Lowdon Company printed and sold to appellant 445,000 of such catalogues for the agreed price specified in the bid. These catalogues were delivered by appellee to the places designated by appellant. The amount of the invoice on this order was $21,647.20. It was dated September 20, 1972.

2. The undisputed evidence showed that thereafter on about October 10, 1972, appellee submitted another written bid to appellant offering to print additional copies of the same catalogues for appellant at the prices per thousand specified on the bid. The appellant accepted appellee's offer and ordered 87,653 more copies of the same catalogue at the price per thousand specified in the bid. Appellee printed these additional copies and delivered them to the people and places designated by appellant. The

amount of the invoice for this order was $5,588.90.

3. Thereafter appellee submitted another bid to appellant whereby it offered to print for appellant 40,000 additional copies of the same catalogue for the price per thousand specified on the invoice. Appellant accepted this offer and ordered 40,000 additional copies of the catalogue for the price specified in the bid and the appellee printed and delivered those catalogues to the persons and places designated by appellant. This last order was filled about November 3, 1972, and the amount of the invoice for that order was $4,080.00.

The undisputed evidence in the case established the facts referred to above in connection with the three catalogue orders.

4. The parties had one other transaction that is involved here. Appellant wanted 15,000 each of 11 catalogue sheets, printed on both sides using 4 colors. The appellee made a bid dated October 23, 1972, on that job. At first appellant awarded the job to another printer. Appellant needed these sheets by December 22, 1972, and in mid-December the printer to whom the job had been awarded withdrew. Appellee then agreed to undertake the job for its quoted prices if appellant would agree to let it print the sheets without submitting to appellant color keys. Appellant agreed to this because the deal had by that time become a rush order. Appellant accepted appellee's bid to print these sheets for the price specified in the bid. Appellee then printed the order and delivered them by truck on the last day of the deadline to appellant's place of business. There appellant took one box containing 500 of the printed sheets, and used part of them to fill out the catalogues of its salesmen. It then refused to accept from appellee the rest of the order, contending that the colors were poorly done. The invoice date on this was December 21, 1972, and the amount of the invoice was $6,181.35. This order was also placed for an agreed price. The facts related concerning this fourth transaction were also undisputed.

The undisputed evidence also showed that appellant paid $15,090.00 to appellee on the total amount owed. The total of the invoices for the four transactions is $37,497.45 and when the $15,090.00 is deducted from it a balance of $22,407.45 remains. This is the amount sued for by appellee and the amount appellee recovered by the judgment.

Appellant's contention on this appeal is that the verdict returned by the jury was such that it would support no judgment in favor of the appellee. It contends that the only judgment that the verdict would support is one providing that neither party recover anything by their action against the other.

The appellee did not request the trial court to submit any issues to the jury tending to establish its cause of action. The charge contained no such issues except the three issues making inquiry as to what would be a reasonable attorney's fee for plaintiff's attorney.

In appellant's first 16 points of error it contends that the trial court committed reversible error in not submitting to the jury for its determination various issues inquiring whether the appellee had proved by a preponderance of the evidence the elements of its cause of action. In some of those points appellant contends that the trial court erred in rendering judgment for appellee because of such failure and that because appellee failed to request any of such issues the trial court could only render a take nothing judgment in so far as plaintiff's action was concerned. Issues pertaining to appellant's counterclaim were submitted in the charge and found by the jury against appellant. Appellant argues in those points that because no issues were submitted pertaining to appellee's cause of action, the appellee waived such action. It further argues that since appellee's action against appellant was thus waived and because the jury found against appellant on its counterclaim that the only judgment that the trial court could have correctly rendered in the case was a take nothing judgment against both parties.

**782**

We have carefully considered appellant's points of error 1 to 16, inclusive, and overrule each of them.

The elements of appellee's cause of action were: (1) That appellee submitted separate bids to do each of the various printing jobs for the prices stated in such bids; (2) that the appellant accepted the offers contained in such bids and ordered the desired printing involved in each contract to be done for it by appellee; (3) that appellee did the printing and delivered it to appellant or tendered it to him; and (4) the amount of the contract price that is due and unpaid. See *Brooks v. Eaton Yale and Towne, Inc.*, 474 S.W.2d 321 (Tex.Civ.App., Waco, 1971, no writ hist.)

The evidence in this case established each of those elements as a matter of law and for that reason the trial court was correct in not submitting issues concerning them to the jury.

One contention urged by appellant in its points 7, 8 and 9 is that the trial court erred in not submitting issues to the jury inquiring whether the catalogues and single sheets were reasonably worth the amounts charged therefor. In another of those points appellant says the trial court should have asked the jury if the account was just.

In cases where the parties have agreed on the price to be paid for the goods involved, as is the case in each of the four transactions involved here, it is not necessary to submit to the jury an issue inquiring as to the reasonable value of the goods or whether the goods involved are reasonably worth the price that the parties had agreed upon. The justness of the account in each of the four transactions involved here is established by the undisputed evidence that the parties have themselves agreed on the prices to be paid for the goods involved. See *Brooks v. Eaton Yale and Towne, Inc.*, supra.

In appellant's 17th and 18th points of error it contends that the trial court erred in placing the burden of proof on Issues Nos. 8 and 15 on the appellant instead of on appellee.

We overrule each of those points.

Special Issue No. 8 was: "Do you find from a preponderance of the evidence that Stafford-Lowdon failed to exercise good workmanship in printing the 24-page catalogs for New Trends?"

Special Issue No. 15 was: "Do you find from a preponderance of the evidence that Stafford-Lowdon failed to exercise good workmanship in printing the single sheets for New Trends?"

The jury's answer to both of those issues was "No."

Where parties contract as they did here there is an implied warranty that the work called for by the contract will be done in a good and workmanlike manner. *Preiss v. Edge*, 57 S.W.2d 883 (Tex.Civ.App., Austin, 1933, no writ hist.); *Westbrook v. Watts*, 268 S.W.2d 694 (Tex.Civ.App., Waco, 1954, ref., n.r.e.); *Panhandle Gravel Co. v. Wilson*, 248 S.W.2d 779 (Tex.Civ.App., Amarillo, 1952, ref., n.r.e.); and see 13 Tex. Jur.2d 547, Contracts, § 300.

The Supreme Court in *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947) stated the principle as follows: " 'Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract.' "

It will be noted that as an affirmative defense to the cause of action alleged by appellee the appellant pleaded that the appellee had not done the work involved in a good and workmanlike manner. This was a plea of breach of warranty. It contended that the catalogue single sheets were not printed in a good and workmanlike manner in that the colors placed thereon by appellee were not the true colors of the objects that were pictured on those sheets. Appellant had no complaint about the catalogues that appellee printed for it. Its complaint with reference to the catalogues was that the names of its customers that appellee rubber-stamped onto the catalogues, as was

called for by the contract, were not all stamped on the catalogues straight. It further complained that not enough ink was used by appellee in this connection resulting in the imprint of the customer's name being too light. It contended that because of such defects the work called for was not done in a workmanlike manner.

■ The burden of proof was upon the appellant in this case to prove the breach of warranty that he had pleaded as an affirmative defense to plaintiff's action. In other words, appellant had the burden of proving that the contracts involved were not performed by appellee in a good and workmanlike manner. *Scott v. Industrial Finance Corp.*, 265 S.W. 181 (Tex.Civ.App., Amarillo, 1924, writ dism.); *C. H. Dean Co. v. Standifer*, 37 Tex.Civ.App. 181, 83 S.W. 230 (1904, no writ hist.); *Friesenhahn v. Tips Engine Works*, 283 S.W. 341 (Tex.Civ.App., Austin, 1926, writ dism.); and *Emerson-Brantingham Implement Co. v. Cornutt*, 11 S.W.2d 262 (Tex.Civ.App., Austin, 1928, no writ hist.). And see 17A C.J.S. Contracts § 590d, p. 1148 note 68.

■ There is another reason why we overrule appellant's 17th and 18th points of error. Issues Nos. 8 and 15 that appellant in those points complain of were both requested by appellant (Tr. 152 and 159). The trial court submitted them in its charge in the exact form requested by appellant. The issues as submitted placed the burden of proof on appellant. In points 17 and 18 appellant now contends that the trial court erred in submitting the two issues in the exact form requested by it.

The following is from *Northeast Texas Motor Lines v. Hodges*, 138 Tex. 280, 158 S.W.2d 487 (Tex.Com.App., 1942): "It is an elementary principle supported by many authorities that a litigant cannot ask something of a court and then complain that the court committed error in giving it to him. The rule, grounded in even justice and dictated by common sense, is that he is estopped."

Other cases holding the same way are: *Continental Casualty Company v. Thomas*, 463 S.W.2d 501 (Tex.Civ.App., Beaumont, 1971, no writ hist.); *American Mut. Liability Ins. Co. v. Thomas*, 35 S.W.2d 232 (Tex. Civ.App., Galveston, 1931, writ dism.); *Barr v. White*, 47 S.W.2d 910 (Tex.Civ.App., Beaumont, 1932, no writ hist.); and *American National Ins. Co. v. La Blue*, 45 S.W.2d 731 (Tex.Civ.App., Amarillo, 1932, no writ hist.).

■ Appellant's 19th point of error is that the trial court erred in submitting Special Issue No. 16 conditioned on an affirmative answer by the jury to either Issue 14 or 15 over appellant's objections to such conditional submission. The objection was that by submitting the issue conditionally the jury was advised of the effect of their answers to the issues.

We overrule that point of error.

Issue No. 14 asked in substance: Do you find, etc., that the failure of Stafford-Lowdon to accurately reproduce the colors on the single sheets was a proximate cause of damage to New Trends?

Issue No. 15 is quoted verbatim above. It asked if Stafford-Lowdon failed to exercise good workmanship in printing the single sheets.

Issue No. 16 was the damage issue pertaining only to the single sheets part of the case. It in substance asked: What amount of money do you find, etc., would fairly and reasonably compensate New Trends for its damages which it reasonably and necessarily incurred in having the single sheets which were printed by Stafford-Lowdon reprinted by Taylor Publishing Company?

That damage issue was conditionally submitted. The condition in front of the issue was as follows: "If you have answered either Special Issue No. 14 or 15, 'Yes,' and only in either event, then answer this question."

The jury did not answer Special Issue No. 14 because it was also conditionally submitted. In following the court's instructions the jury, as it answered the issues, was not required to answer No. 14. The jury's answer to Issue No. 15 was "No." Because of the conditional submission of

Issue No. 16 the jury did not answer Issue No. 16.

Even if we assume that the court did err in submitting Special Issue No. 16 (a damage issue) conditionally on the jury answering either Issue No. 14 or No. 15 "Yes" we hold that such error was a harmless error. Such error did not amount to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment as is required by Rule 434, T.R.C.P., before it would constitute grounds for reversing the judgment appealed from.

In this case appellant had pleaded in his cross-action that Stafford-Lowdon had failed to accurately reproduce the colors on the single sheets and that such failure proximately caused damage to it in that it had to get Taylor Publishing Company to reprint them. It also pleaded that Stafford-Lowdon had failed to exercise good workmanship in printing those single sheets thus causing appellant to be damaged. These pleadings were read to the jury. Throughout the trial the appellant introduced evidence tending to establish those facts.

If the effect of the court's action in submitting Issue No. 16 conditionally on a "yes" answer to either Issue No. 14 or No. 15 was to advise the jury of the legal effect of their answers, the jury was not advised of anything that they did not already know. Throughout the trial the jury had been advised that it was because of the failures of Stafford-Lowdon in the two respects inquired about in Issues Nos. 14 and 15 that New Trends, Inc. had sustained the damage of incurring the cost of having someone else print such sheets properly, which is the damage inquired about in Issue No. 16.

The following is from the opinion in *Finck Cigar Co. v. Campbell*, 134 Tex. 250, 133 S.W.2d 759 (Tex.Com.App., 1939, op. adopted): "It has been definitely decided that, to inform the jury of that which it already knows does not prejudice the rights of a litigant. (Cites cases.) The language complained of informed no juror of ordinary intelligence (which all jurors are presumed to possess) of anything which he had not already learned during the trial of the case, and the assignments presenting this question are, therefore, overruled."

See also on this point *Phoenix Refining Co. v. Muller*, 109 S.W.2d 766 (Tex.Civ.App., Beaumont, 1937, err. dism.), and 41–B Tex. Jur. 762–763, Trial, Sec. 561.

In its points of error Nos. 20 through 26, inclusive, appellant contends that the jury's answers to Special Issues Nos. 1, 7(A), 7(B), 7(C), 8, 9 and 15 are each against the great weight and preponderance of the evidence. We overrule each of those points of error.

■ The issues just referred to relate to appellant's counterclaim. They were all found by the jury against appellant.

We have carefully examined the statement of facts and are convinced that sufficient evidence was introduced to support the jury's answers to those issues. The findings complained of are not against the great weight and preponderance of the evidence.

■ In appellee's 7th counter-point it asks that we award it an additional 10% of the amount in dispute as damages on the grounds that this appeal was taken for delay and without sufficient cause. Rule 438, T.R.C.P. is the rule relied on by appellee for this relief.

We refuse to grant such relief to appellee. We are unable to hold from the record before us that the appeal was taken for delay only.

The judgment is affirmed.