**Bennett COULSON & CAE, Inc., Petitioners,**

v.

**LAKE L.B.J. MUNICIPAL UTILITY DISTRICT, Respondent.**

Nos. C–4416, C–4417.

Supreme Court of Texas.

July 1, 1987.

Rehearing Denied Sept. 16, 1987.

C. Charles Dippel, Sears & Burns, Houston, for petitioners.

J. Ron Young, Rowe & Young, and Randall D. Wilkins, Houston, for respondent.

WALLACE, Justice.

The issue in this appeal is who bears the burden of proving the breach of an implied standard of care and conduct in a contract action. The trial court placed the burden on the defendant, Lake L.B.J. Municipal Utility District. The District raised the issue as an affirmative defense of failure of consideration because the work was not good and workmanlike and as the basis for its counterclaim that the work was done negligently and fraudulently. Following trial by jury, the trial court rendered judgment generally favorable to the plaintiff, Bennett Coulson. The court of appeals reversed this judgment and remanded the cause for new trial, holding that compliance with the implied standard was an essential element of Coulson's contract claim and the District's negligence counterclaim. Also, that court held the trial court had miscast the burden of proof. 692 S.W.2d 897. We hold that the trial court properly submitted the case to the jury and we reverse the judgment of the court of appeals; however, we remand the cause to the court of appeals for consideration of other points deemed immaterial by that court.

Coulson and Associates Engineers, Inc., contracted with the District in 1971 to prepare plans and specifications to serve the District with utilities. Plans and specifications were prepared, approved by all appropriate governmental agencies and presented to the District's board. Before the date payment was due under the contract, the District discharged Coulson and Associates Engineers, Inc., and when the engineer's fee became due it did not make payment.

Subsequently, Coulson and Associates Engineers, Inc., changed its name to CAE, Inc., and assigned its contract claim for compensation to Bennett Coulson, who sued the District to collect the engineer's fee. The District filed an answer and counterclaim both of which asserted that the engineer had failed to meet a standard of reasonable engineering practice in the preparation of the plans and specifications for the District. In its answer, the District asserted failure of consideration as an affirmative defense alleging that the plans "were not prepared in a good and workmanlike manner and do not meet the standards of reasonable engineering practice." The District's counterclaim contained similar allegations and sought the return of money previously paid to the engineer as well as additional damages, both actual and punitive.

All claims were tried to a jury. The following jury issues are significant to this appeal.

> Special Issue 1: Do you find from a preponderance of the evidence that during the time in question Coulson and Associates Engineers, Inc., furnished the Lake L.B.J. Municipal Utility District with sufficient plans and specifications for construction of a water system, a sanitary sewer system and drainage for the needs of such district, and to secure approvals from appropriate governmental agencies, under the circumstances then existing?
>
> Answer: Yes.
>
> Special Issue 6: Do you find from a preponderance of the evidence that during the time in question Coulson and Associates Engineers, Inc., was negligent in failing, if it did, to furnish adequate plans and specifications to obtain reasonable competitive bid prices for the construction work on the water system, sanitary sewer system and drainage for Lake L.B.J. Municipal Utility District, proximately causing higher costs for such construction to the District?
>
> Answer: No.

The charge also defined "negligence" for the jury as the "failure to do that which a registered engineer of ordinary prudence engaged in designing and constructing water systems, sanitary sewer systems and drainage would have done under the same or similar circumstances or doing that which such an engineer of ordinary prudence would not have done under the same or similar circumstances."

Based on these and other findings, the trial court rendered judgment generally favorable to Coulson. The court of appeals, however, found Coulson's contract issue (Special Issue 1) defective because it did not incorporate any standard of performance; i.e., it did not require Coulson to prove that he performed the contract in a good and workmanlike manner or in accordance with appropriate standards of engineering practice. The court of appeals further stated that whether the plans satisfied appropriate standards of engineering

practice was "simultaneously an essential element of each party's cause of action against the other." 692 S.W.2d at 908. The court of appeals concluded that the trial court had erred in placing the burden solely on the District to prove Coulson negligent in his preparation of the plans and specifications, and reversed the judgment and remanded the cause with instructions on how it should be submitted on retrial.

Coulson argues that the court of appeals has placed the burden on him to disprove his own negligence as a condition for recovery on the contract. Coulson argues that once he proves compliance with the express requirements of the contract, he is entitled to a presumption that the work performed was "good and workmanlike" and not negligently performed until the contrary is proven. We agree.

We are unable to discern any real difference between the District's claim that Coulson's efforts were not good and workmanlike and did not meet the standards of reasonable engineering practice and its claim that Coulson was negligent in his performance of professional services. In *Montgomery Ward & Company v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947), we noted that contracts typically create both contractual obligations and implied duties the breach of which may create liabilities in contract and in tort. We further said that the common law duty to perform with care and skill accompanies every contract and that the negligent failure to meet this implied standard was a basis for recovery in tort. *Montgomery Ward*, 204 S.W.2d at 510.

Typically the negligent failure to perform the contract in a reasonably skillful manner is raised by the party defending the claim on the contract either as an affirmative defense or as a counterclaim for affirmative relief. As such it is the burden of the defendant/counter-plaintiff to adduce evidence on the issue. It is also that party's burden to submit and obtain a favorable finding on the issue whether it be couched in terms of malpractice, failure to meet reasonable standards of the profession, negligence, or failure to perform in a

good and workmanlike manner. The party who raises breach of an implied duty as an affirmative defense to defeat recovery under a contract bears the burden of proving such claim. *New Trends, Inc. v. Stafford-Lowdon Co.*, 537 S.W.2d 778, 783 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). *Cf., Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381 (Tex.1985) (holding that issues decided in claim by attorney for his fee do not preclude or foreclose litigation of malpractice claim previously severed for separate trial).

We hold that Issues 1 and 6 properly placed the respective burdens and fairly submitted the respective claims of Coulson and the District. We sustain Coulson's first point of error which complains that the court of appeals erred in holding that Coulson bore the burden in his contract action of proving adherence to an implied standard of conduct and care in order to recover.

Numerous other points of error are raised in the applications of Coulson, CAE, and the District. The court of appeals has not considered these points because of its decision to remand based on its erroneous conclusion that Issues 1 and 6 miscast the burden of proof. We have the option of either examining the points not considered by the court of appeals in order to determine if any will support its judgment or remanding the cause to the court of appeals for it to pass on the unconsidered points. *Roark v. Allen*, 633 S.W.2d 804, 811 (Tex.1982). Because the unaddressed points of error include attacks on the sufficiency of the evidence, we deem it expedient to remand the entire cause to the court of appeals for it to consider all unaddressed points. *Montfort v. Jeter*, 567 S.W.2d 498, 500 (Tex.1978).

The judgment of the court of appeals is reversed and the cause is remanded to that court for further consideration.

SPEARS, J., files a concurring opinion in which RAY, J., joins.

SPEARS, Justice concurring.

I concur in the court's judgment. I agree the District bore the burden of proving that Coulson failed to perform the contract in a good and workmanlike manner, and that establishing Coulson's engineering services were performed in a good and workmanlike manner was not a condition precedent to Coulson's recovery under the express terms of the contract.

By raising an affirmative defense to Coulson's contract recovery claim—failure of consideration in general, breach of an implied warranty of good and workmanlike manner in particular—the District was entitled to a special issue on that defense by adducing evidence on the point. The trial court failed to submit such an issue. The District did dictate its objections to the court's omission; however, since the burden of proof was upon the District, it was required to request a special issue in writing to preserve error. *Lyles v. T.E.I.A.*, 405 S.W.2d 725, 727 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.); *see also* TEX. R. CIV. PROC. 273, 276 & 279. Having failed to request an issue on its affirmative defense, the District failed to preserve error.

It is noteworthy that Special Issue No. 6 did not embrace the District's affirmative defense. Special Issue No. 6 asked:

Do you find from a preponderance of the evidence that during the time in question Coulson and Associates Engineers, Inc., was negligent in failing, if it did, to furnish adequate plans and specifications to obtain reasonable competitive bid prices for the construction work on the water system, sanitary sewer system and drainage system for Lake L.B.J. Municipal Utility District, proximately causing higher costs for such construction to the district?

ANSWER: No.

Negligence, even when defined as here as the "failure to do that which a registered engineer of ordinary prudence engaged in designing [such projects] would have done under the same or similar circumstances ...," does not necessarily encompass a breach of the implied warranty of good and workmanlike manner. An engineer could exercise due care, ordinary prudence, and perform reasonably but, through mistake

or ignorance, still render unskilled or shoddy services. Thus, the court unnecessarily and incorrectly states that there is no difference between the failure to provide good and workmanlike services and the negligent performance of professional services. Moreover, Special Issue No. 6 applies to the District's negligence counterclaim and not its separate and distinct affirmative defense of failure to perform in a good and workmanlike manner. The District would be entitled to such an issue upon proper submission to the trial court.

RAY, J., joins in this concurring opinion.