Bennett COULSON and CAE,
Inc., Petitioners,

v.

LAKE LBJ MUNICIPAL UTILITY
DISTRICT, Respondent.

No. C–7655.

Supreme Court of Texas.

Dec. 13, 1989.

Rehearing Overruled Jan. 24, 1990.

C. Charles Dippel, Houston, for petitioners.

Randall D. Wilkins, J. Ron Young, Houston, for respondent.

## OPINION ON MOTION FOR REHEARING

PHILLIPS, Chief Justice.

The motions for rehearing are overruled. We, however, withdraw our prior opinion and judgment of June 7, 1989, and substitute the following.

This is a contract action. The principal issue in this appeal is whether a jury question inquiring about the sufficiency of the plaintiff's performance included a comment on the weight of the evidence which tended to induce the jury to answer the issue in plaintiff's favor. The court of appeals held that the issue erroneously commented on the weight of the evidence by combining an uncontested evidentiary issue with the ultimate substantive issue of performance. The court of appeals accordingly reversed

the judgment of the trial court and remanded the cause for new trial. 771 S.W.2d 145.* Because we do not agree that the jury question incorporated a harmful comment on the weight of the evidence, we reverse the judgment of the court of appeals; however, we remand the cause to that court because there remains for determination a point of error which challenges the factual sufficiency of the evidence supporting the jury's answer to this same question.

In 1971, Lake LBJ Municipal Utility District, a conservation and reclamation district created by the Texas Water Commission, contracted with Coulson and Associates Engineers, Inc. for engineering services related to proposed water, sewer and drainage facilities for a development known as Horseshoe Bay. In 1973 the engineer submitted plans for the utilities in Horseshoe Bay to the District's Board of Directors. Thereafter bonds were approved and sold, contracts let and construction commenced. Under the terms of the 1971 contract, the engineer's entire fee was due at the time plans and specifications were completed and presented to the District's Board of Directors. The contract also provided that the engineer's fee would be based on the costs of construction. The agreement indicated a preference for determining the engineer's fee on the basis of competitive bids, but provided in the alternative that the engineer's "estimates of reasonable competitive construction bid prices" might be used, if competitive bids were not obtained.

In 1973 the parties amended their contract and changed the date on which the engineer's fee became due. This amendment allowed the District to postpone payment to the engineer until bonds were sold. If any of the District's bonds failed to sell, however, the 1973 amendment obligated the District to pay the remainder of the engineer's fee within five years of their approval under the following language:

All fees owed to 'consulting engineer' will become due and payable at the end of five (5) years from the date bonds are approved by the Texas Water Rights Commission if said bonds or a portion thereof remain unsold.

In April 1979, the engineer was discharged by the District. At the time of his termination the engineer had not collected his full fee because bonds, which had been authorized by the Water Commission in September of 1974, remained unsold. Under the terms of the 1973 amendment just discussed, the engineer was not yet entitled to his full fee. Also subsequent to the last bond approval in September of 1974, the engineer had prepared additional plans for a ten-inch wastewater effluent line, a 1.3 million gallon elevated tank and a microfloc water treatment plant. The engineer had not received payment for these projects because they had not been incorporated into a bond issue prior to his termination.

The engineer billed the District for his fee after it matured in September 1979, but the District refused to pay. Coulson and Associates Engineers, Inc., which by this time had changed its name to CAE, Inc., assigned its claims against the District to Bennett Coulson, who filed suit. The District filed an answer and a counterclaim against CAE, both of which alleged that the engineer had failed to meet a standard of reasonable engineering practice in the preparation of the plans and specifications for the District.

All claims were tried to a jury who returned a verdict for Coulson on his contract claim and against the District on its negligence/malpractice counterclaim. The trial court rendered judgment for Coulson and the District appealed.

In its first opinion, the court of appeals reversed the judgment of the trial court and remanded the cause for new trial holding that Issue 1, the contractual performance issue, was erroneous because it failed to incorporate an implied standard of care; i.e. that the engineer prepared the plans in

---

* The opinion of the court of appeals was originally unpublished. We have ordered it published.

Tex.R.App.P. 90(h).

a good and workmanlike manner. *Coulson I*, 692 S.W.2d 897 (Tex.App.—Austin 1985), rev'd and remanded, 734 S.W.2d 649 (Tex. 1987). The court of appeals further held it was the burden of Coulson under his contract claim to establish performance in a good and workmanlike manner and simultaneously the burden of the District under its negligence/malpractice claim to establish that the plans and specifications were not prepared in a good and workmanlike manner.

We reversed the judgment of the court of appeals holding that the contract and negligence issues submitted by the trial court "properly placed the respective burdens and fairly submitted the respective claims of Coulson and the District." *Coulson I*, 734 S.W.2d at 652. We, however, remanded the cause to the court of appeals to consider the remaining points of error it had not addressed because of its erroneous conclusion on the parties' respective burdens of proof.

This, then is the second appeal of the cause to this court and again the court of appeals has found Issue 1, the contractual performance issue, deficient. That issue provides:

> Do you find from a preponderance of the evidence that during the time in question Coulson and Associates Engineers, Inc., furnished the Lake LBJ Municipal Utility District with sufficient plans and specifications for construction of a water system, a sanitary sewer system and drainage for the needs of such District, and to secure approvals from appropriate governmental agencies, under the circumstances then existing?
>
> Answer "Yes" or "No."
>
> ANSWER: *Yes.*

The court of appeals now holds that this question erroneously comments on the weight of the evidence by combining an established fact, whether the plans and specifications were sufficient to secure governmental approval, with a contested issue, whether the plans and specifications were sufficient to meet the District's needs.

Coulson argues that there is no basis for the court of appeals' conclusion that governmental approval of all engineering plans and specifications was an uncontested fact. We agree. In fact, the court of appeals admits as much when it observes that certain plans were not submitted for approval prior to the engineer's termination. Specifically, the court of appeals notes the lack of governmental approval for the 1.3 million gallon elevated tank, the microfloc water treatment plant, and the ten-inch wastewater effluent line. *Coulson II*, 771 S.W.2d at 159 n. 8. These were projects Coulson had submitted to the District, but which had not been incorporated into a bond offering prior to his dismissal. Nevertheless, Coulson sought payment for these plans under his contract with the District.

■ The contract required Coulson to assist in obtaining approval of the plans from the Texas State Water Commission and to secure approval of the plans from the Texas State Department of Health. Impliedly, the plans must have been "sufficient to secure approval" from those agencies in order for Coulson to satisfy this contractual requirement.

■ The District argues that the sufficiency of the plans to secure approval was undisputed because most of them had been approved. The fact remains that all plans on which Coulson sought a contractual recovery had not received governmental approval. In the absence of a stipulation by the District that these plans were sufficient to obtain approval, a fact issue existed regarding a material condition in Coulson's contract.

■ Admittedly, the issue of governmental approval was not as hotly contested as the question of whether the plans were sufficient to meet the needs of the District. We see no error, however, in the conjunctive submission of these two disputed issues of fact. To answer the question as it did, the jury had to affirmatively answer both parts of the question. We must assume that the jury considered and answered the question as asked. *Texas & N.O. R.R. v. McGinnis*, 130 Tex. 338, 344, 109 S.W.2d 160, 163–64 (1937); *Herrera v. Bal-*

*morhea Feeders, Inc.,* 539 S.W.2d 84, 87 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r. e.). That one clause of the compound question might have been answered more easily than the other clause does not constitute reversible error, and the court of appeals erred in so holding.

█ The court of appeals addressed several other issues which we decline to consider at this time because they are not material to the judgment we render. The other issues affect the judgment of the trial court only in part. The court of appeals' determination that Issue 1 included an improper comment on the weight of the evidence is the only basis for that court's general remand. Because we disagree with the court of appeals' decision in this regard, there remains for consideration a point of error attacking the factual sufficiency of the evidence supporting the jury finding justifying Coulson's recovery in contract. Although our previous remand in this cause was due in large part to the District's complaint that the evidence was factually insufficient to support the jury's answer to the first issue, the court of appeals has not yet found it necessary to decide this point. Because the task of weighing all the evidence and determining its sufficiency is a power confined exclusively to the court of appeals, we must again remand this cause to that court. *Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 648–49 (Tex.1988).

The judgment of the court of appeals is reversed and the cause is remanded to that court.