ACCEPTED

SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/14/2015 4:34:58 PM
DEBBIE AUTREY
CLERK

06-16-00008-CR

No. _____

IN THE COURT OF APPEALS, SIXTH DISTRICT

TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/14/2015 4:34:58 PM
DEBBIE AUTREY
Clerk

-----------------------------------------------

Duffey v. State, 428 S.W.3d 319 (Tex.App.-Texarkana 2014)

NO. 06-12-00197-CR Court of Appeals

No. 1222696 the 8th District Court Hopkins County, Texas

-----------------------------------------------

In Re:  ROY DEAN DUFFEY,

Relator

-----------------------------------------------

**PETITION FOR WRIT OF MANDAMUS**

**to the 8th Judicial District Court of Hopkins County, Texas**

-----------------------------------------------

FOR THE RELATOR

> FRANK R. HUGHES
> Attorney at Law
> P. O. Box 8145
> Greenville, Texas 75404
> State Bar No.:  10236500

**<u>ORAL ARGUMENT IS REQUESTED</u>**

## NAMES OF ALL PARTIES

Relator certifies, pursuant to T.R.C.P.38.1(a), that the following is a complete list of the names of all the parties and all persons otherwise interested in the outcome of this case:

RELATOR: ROY DEAN DUFFEY

RELATOR'S COUNSEL: FRANK R. HUGHES of Greenville, Texas;

FRANK R. HUGHES

P. O. BOX 8145

Greenville, TEXAS 75404

903.456.2703

RESPONDENT: HONORABLE EDDIE NORTHCUTT

Judge, 8th Judicial District Court of Hopkins County, Texas

118 Church Street

Sulphur Springs, Texas 75482

(903) 438-4022

Real Party in Interest: STATE OF TEXAS

Represented by: HONORABLE WILL RAMSAY, DISTRICT ATTORNEY, 8TH JUDICIAL DISTRICT COURT of Hopkins County, Texas

110 Main St.

Sulphur Springs, TX 75482

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................2

TABLE OF CONTENTS ........................................................................................3

INDEX OF AUTHORITIES................................................................................. 5

STATEMENT OF THE CASE...............................................................................7

STATEMENT OF JURISDICTION........................................................................7

STATEMENT OF FACTS, HISTORY OF THE CASE...................................... 8

ISSUES PRESENTED ………….......................................................................9

I. WAS THERE AN ENFORCEABLE PLEA BARGAIN AGREEMENT BETWEEN THE STATE AND THE DEFENDANT AT THE TIME OF THE INITIAL PLEA THAT WARRANTS MANDAMUS ENFORCEMENT? (Yes)

II. CAN THE FAILURE OF THE DISTRICT ATTORNEYS OFFICE FOR THE 8TH JUDICIAL DISTRICT IN PERFORMING THEIR STATUTORY DUTY BE USED TO AVOID AN AGREEMENT REACHED BETWEEN ALL OF THE INTERESTED PARTIES, RE-STATED CAN THE STATE BENEFIT FROM ITS OWN MIS OR NONFEASANCE (NO)

III. CAN CHAPTER 56 CODE OF CRIMINAL PROCEDURE BE USED TO NULLIFY A VALID PLEA BARGAIN AGREEMENT? (NO)

SUMMARY OF ARGUMENT............................................................................. 4

ARGUMENT.......................................................................................................10

PRAYER ........................................................................................................ 16

CERTIFICATION............................................................................................. 17

CERTIFICATE OF SERVICE........................................................................... 18

EXHIBITS (E-FILED ATTACHMENTS)

Defendant's Motion to Enforce Plea Agreement…………………………Exhibit A

Order Denying Defendant's Motion to Enforce Plea Agreement………...Exhibit B

Reporter's Record of Motion to Enforce Plea Agreement………………..Exhibit C

Sixth Court of Appeals Opinion on direct appeal……………………… .Exhibit D

Defendant's Original Brief……. …………………………………………Exhibit E

Reporter's Record of Motion for Recusal…………………………………Exhibit F

# INDEX OF AUTHORITIES

**CASES**                                                                           **PAGE**

Coulson v. Lake L.B.J. Municipal Utility District, 734 S.W.2d 649 (Tex.1987)…13

Dickens v. Second Court of Appeals, 727 S.W.2d 542 (Tex.Cr.App.1987). ………9

Duffey v. State, 428 S.W.3d 319 (Tex.App.-Texarkana 2014) ………..8, 10, 11, 12

In re Goodman, 210 S.W.3d 805,  (Tex.App.—Texarkana 2006)………………. 10

Ortiz v. State, 933 S.W.2d 102 (Tex.Crim.App. 1996) …………………….. 11

State ex. rel. Young v. Sixth Judicial District Court of Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)  ………………………………………………… 9

In re State ex. rel. Weeks, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) …………………………………………………………………...9

Texaco, Inc. v. Pennzoil Co., 729 S.W.2d 768 (Tex. App. 1987)………………... 13

Wright v. State, 158 S.W.3d 590, 595 (Tex.App.—San Antonio 2005)…………...11

**STATUTES**

Tex.Code Criminal Procedure Ann. Chapter 56....................................... 12, 13, 15

    Art 56.08 B (e)……………………………………………………………..13

    Art. 56.02(a)(3)(A)……………………………………………………... 13

    Art. 56.02(15)(d)……………………………………………………….14

Tex. Gov't Code 22.221(b) ……………..……………………………………….. 6

# STATEMENT OF THE CASE

**STATEMENT OF THE CASE**

**Underlying Proceeding:**

Criminal Case alleging murder.

**Respondent:**

Honorable Eddie Northcutt, Judge, 8h Judicial District Court of Hopkins County,

Texas.

**Respondent's Action From Which Relator Seeks Relief:**

October 27, 2014 order denying Defendant's Motion to Enforce Plea Bargain Agreement

Real Party in Interest State of Texas

# STATEMENT OF JURISDICTION

The Court has jurisdiction to consider this petition for writ of mandamus under

Tex. Gov't Code § 22.221(b)

STATEMENT OF FACTS

Relator accepts the recitation of facts as set out succinctly and concisely by this Court in its Opinion of 21 February 2014, Duffey v. State, 428 S.W.3d 319, 321 (Tex.App.-Texarkana 2014)

"*According to the testimony of several witnesses, on February 20, 2011, a verbal altercation occurred between Duffey and Cooper in Sulphur Springs, Hopkins County, Texas, when Cooper taunted Duffey (who was armed with a knife), this initial struggle terminating with Duffey demonstrating that he was armed and had the upper hand. After they parted, Cooper resumed taunting Duffey, the two re-engaged their fight, and Cooper was fatally stabbed.* "

On 21 February 2014 this court reversed the conviction of Relator granting a new trial at the request of the Relator. Relator was released on bond pending a new trial. Following Mandate the Defendant filed a Motion to Enforce Plea Bargain Agreement Marked as exhibit A. A hearing was held, the Reporter's record is attached, Marked as exhibit B.

Respondent, the Honorable Eddie Northcutt, the newly elected Judge of the 8th District Court of Hopkins County, refused to grant the motion; finding that there was no enforceable plea bargain; and that the District Attorney could and had withdrawn from the initial plea bargain agreement: He filed a Finding of Fact and Conclusion of Law attached hereto and marked exhibit C. From that finding the Defendant files this Application for Writ of Mandamus, requesting that this court Order the Trial Court for the 8th District to do its ministerial duty and honor the original plea bargain agreement.

## ISSUE PRESENTED

I.    WAS THERE AN ENFORCEABLE PLEA BARGAIN AGREEMENT BETWEEN THE STATE AND THE DEFENDANT AT THE TIME OF THE INITIAL PLEA THAT WARRANTS MANDAMUS ENFORCEMENT? (Yes)

II,    CAN THE FAILURE OF THE DISTRICT ATTORNEYS OFFICE OF THE 8TH JUDICIAL DISTRICT IN PERFORMING ITS STATUTORY DUTY BE USED TO AVOID AN AGREEMENT REACHED BETWEEN ALL OF THE PARTIES, RE-STATED CAN THE STATE BENEFIT FROM ITS OWN MIS OR NONFEASANCE (NO)

III.    CAN CHAPTER 56 TEX.CODE.CRIM.PROC BE USED TO NULLIFY A VALID PLEA BARGAIN AGREEMENT?  (NO)

## SUMMARY OF ARGUMENT

Availability of mandamus relief in criminal cases is limited. To obtain such relief, the Relator must establish: (1) the act sought to be compelled is ministerial, and (2) there is no other adequate remedy at law.  See, e.g., In re State ex. rel. Weeks, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig.proceeding) (granting mandamus to compel the trial court to submit jury instructions as requested, a ministerial act it previously refused to perform); State ex. rel. Young v. Sixth Judicial District Court of Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (issuing mandamus for a ruling on a motion); Dickens v. Second Court of Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987) (orig. proceeding) (granting mandamus to correct the mandamus issued).    However, in Dickens v. Second Court of Appeals, supra, the Court of Criminal Appeals engrafted the "clear abuse of discretion" standard onto the former two part exclusive test. Dickens v. Second Court of Appeals, infra;

This Court also recognizes that in some instances a suggested cure other than Mandamus is not always an "adequate remedy at law", ie. another Writ, Appeal , re trial, please see In re Goodman, 210 S.W.3d 805,  (Tex.App.—Texarkana 2006).

## **ARGUMENT**

POINT OF ERROR WAS THERE AN ENFORCEABLE CONTRACT BETWEEN THE STATE AND THE DEFENDANT IN THE ORIGINAL PLEA BARGAIN AGREEMENT THAT WARRANTS MANDAMUS ENFORCEMENT? (Yes)

As this court said in its Original Opinion, Duffey v.  State, 428 S.W.3d 319, 326 (Tex.App.-Texarkana 2014)  "At the plea hearing in the case now before this Court, the trial judge reviewed the details of the plea agreement with Duffey and the State, accepted Duffey's plea, and (by the judge's statements) gave every indication to all in attendance that he would accept the plea agreement as announced at a subsequent sentencing hearing, which was set to occur just a few days later."

Judge Northcutt opines that there was not a binding agreement between the parties regardless of the Judge's statements.  The Conclusions of Law, attached hereto, state at paragraph 3

*"Absent the two chronological requirements (i.e., announced acceptance of the plea agreement followed by an entry of a finding of guilt), either the State or the defendant in a case may back out of a plea agreement."*

And then at paragraph 4

 *"While a plausible argument can made that the trial court was inclined to "go along" with the plea agreement after it was put on the record, the agreement was never expressly accepted,"*

Relator agrees that there was no entry of a finding of guilt: But also urges that this is not the end of the inquiry, *looking at the totality of the circumstances*, see Wright v. State, 158 S.W.3d 590 (Tex.App. San Antonio 2005-PDR refused) in a fact situation eerily similar to those herein; that court after having told the Defendant he would "go along" with the plea bargain agreement, sua sponte announced that he would not follow the agreement after meeting with the family of the victim ex parte.

From the facts recited in this court's original opinion Duffey v. State, 428 S.W.3d 319, 323, 324 (Tex.App.-Texarkana 2014) it would appear the same thing happened in the case at bar.

Without belaboring the point, it is certainly possible that Judge Newsom was only joking when he told the Defendant that if he lived he would bring him back before Christmas and was not an indication of the acceptance of that agreement; (Duffey v. State infra 322, 23) as suggested by DA Ramsey in the Hearing on the Motion to Compel (P 23 L2, 3).

It is also possible that Judge Newsome knew that in telling the Relator he would not permit the Relator to withdraw the plea (Duffey v. State, infra p 321, 322) he again was only playing with the Relator, intending all along to leave that back door open, that the contract was unilateral, binding only the Relator and not the State. Relator asks this court to look again to Wright v. State, infra at 595

"This is not a case where the trial court initially accepts a plea and then expressly reserves ruling on whether it will accept or reject the plea agreement until the sentencing hearing. See Mayfield v. Giblin, 795 S.W.2d 852, 854 (Tex.App.-Beaumont 1990, orig. proceeding) (trial court properly exercised its discretion to reject plea bargain where it had expressly reserved accepting or rejecting plea bargain until after receipt of presentence report); c.f. Ortiz , 933 S.W.2d at 104 n. 3 (*noting that whether the trial judge accepted the plea*

*agreement when he accepted the plea is largely a matter of factual interpretation of the record, which is predominately the domain of the court of appeals).*

Judge Northcutt erred in his Finding of Fact at paragraph 11. The Relator did list as a point of error in his initial brief, at Point of Error 1 that the trial court rejected the plea; however, this court based its decision on Realtors Point of Error 2, concerning only the recusal and did not address the issue of the rejection of the plea bargain. (Duffey v. State, infra 321)

B) CAN THE FAILURE OF THE DISTRICT ATTORNEYS OFFICE OF THE 8TH JUDICIAL DISTRICT IN PERFORMING THEIR STATUTORY DUTY BE USED TO AVOID AN AGREEMENT REACHED BETWEEN ALL OF THE INTERESTED PARTIES, RE-STATED CAN THE STATE BENEFIT FROM ITS OWN MISFEASANCE OR NONFEASANCE (NO)

Relator would show the following misfeasance or nonfeasance on the part of then District Attorney Braddy, and his continued acceptance of the original agreement;

- All parties, Judge, District Attorney, Relator and his attorneys signed the plea papers, with all parties aware of the former DA's failure to perform his statutory duty under Chapter 56 TCCP; infra. The Defense initially asked for the reset of sentencing so that, as argued in the hearing on the Motion to Compel, the Defendant, Relator herein, could get ready to go off to the penitentiary, (Recusal P18, L1); the State agreed to the rescheduling of final sentencing to give it a chance to contact the family. (Recusal hearing stipulations P17, 18 L24-11);

- The State ignored the direct order of the Judge and exhibited little concern until contacted by the family of the deceased or the court. Contrary to the court's order he personally did not contact the family on the day of the plea, they learned of the plea bargain from news accounts; (Recusal Hearing P 90, 91 L11-14); then,

- The former DA set a meeting with the Mother of the deceased for July 5, phoned in sick, and left word that he wouldn't be back till the next week; the family only approached Judge Newsome after the DA seemed to ducking them (Recusal Hearing P 94 L23 et seq).
- On the trial following Judge Newsome's rejection of the plea bargain, the State *again* agreed to a plea bargain to the much lesser offense of Manslaughter with no seeking of a deadly weapon finding Duffey supra
- The State never filed anything with the court saying they were withdrawing the initially agreed upon plea bargain, Judge Northcutt, opines that they have rejected the agreement because of their actions, no doubt it is possible, but can they in good faith, without appearing vindictive;

A party to a contract owes a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing to be done, and a negligent failure in performing any of these conditions can be the basis for recovery in tort as well as a breach of contract. Coulson v. Lake L.B.J. Municipal Utility District, 734 S.W.2d 649 (Tex.1987);

In the business world, where the concern is mere money, can a contingent contract be binding on the parties? see Texaco, Inc. v. Pennzoil Co., 729 S.W.2d 768 (Tex. App. 1987).

As the winning Plaintiff's lawyer Joe Jamail summed it up best, earning his 333 million dollar fee;

"In Texas, a deal is a deal".

C.  RELATOR REURGES THE ARGUMENT IN SUPPORT OF HIS POINT OF ERROR SET OUT IN THE DIRECT APPEAL CONCERNING CHAPTER 56 OF THE CODE OF CRIMINAL PROCEDURE AND ITS PLACE IN THE

ADMINISTRATION OF JUSTICE OVERALL AND IN THE INSTANT CASE; RESTATED CAN CHAPTER 56 BE USED TO NULLIFY A VALID PLEA BARGAIN AGREEMENT? (NO)

In the recusal hearing the Special Prosecutor appointed by the Judge for that hearing said in a proffer that the Judge (Newsome) had told him that when he learned that the family had not been notified (of the plea bargain agreement) pursuant to Chapter 56 of the Code of Criminal Procedure he felt it a violation of their rights, saying that was why he was rejecting the plea (Recusal p143,4 LI 1-19);

Chapter 56 of the Code of Criminal Procedure is dedicated to the rights of crime victims. The evidence in this case shows clearly that the District Attorney failed in fulfilling 56.08 B (e) of notifying the family of the plea bargain agreement **prior** to the plea, by his own admission in his Motion for Continuance (CrVlp21-24); although he appears from the record to have complied with 56.02(a)(3)(A) in that they knew there was a court setting the day of the plea (RrHbcpl4L22,23) none were in attendance. The record reflected that the plea was arranged and taken on the day jury selection was to begin (CrVlp27). Assuming in arguendo that the DA or one of his assistants had contacted the family and that they had voiced concern over justice, could they have done anything about it?

Chapter 56 also says "A victim, guardian of a victim, or close relative of a deceased victim does not have standing to participate as a party in a criminal

proceeding **or to contest the disposition of any charge.'"** Art. 56.02(15)(d).

Further Article 26.13 (f) of the Code of Criminal Procedure provides that; "The court must substantially comply with Subsection (e) of this article (sets out victim notification). The failure of the court to comply with Subsection (e) of this article is not grounds for the defendant to set aside the conviction, sentence, or plea." Begs the question, is due process served if the Defendant cannot use it to set aside a plea, but the Court can even as a result of improper conduct?

Apparently the Judge learned there were no new matters to support the DA's assertions in his Motion for Continuance, from courthouse scuttle (Recusal p79L4-8); and resolved any potential problem within himself, after asking his friends the ministers and Congregation to pray for him. (Recusal pl33, 34L34-37) then after having more time to himself to think about it, did what he felt just and proper in the situation.

But, as Justice Holmes said, "We promise law not justice".

Judge Northcutt, in the hearing on the Motion to Compel commented on his observation of those present in the court room as some of the same people who ambushed Judge Newsome in the "Storming of the Castle". (Hearing on Motion to Compel P6 L17, 18) As mentioned in the Relator's original brief, anyone listening or even reading the testimony of that Mother, either in court or more privately, a woman who never gave up hope, her belief in her God and His ability to work

miracles; her prayer- the saving and rebirth of her son-would be moved to at least re-think…

But: The plea bargain agreement was made by extremely experienced trial advocates, criminal trial experts looking at the case realistically; at the comparative strengths and weaknesses.  Certainly it is plausible that the reason Art. 56 is written as it is would be to allow victims to advise, but not decide?

Under the totality of the circumstances the refusal to approve or re-offer the original plea bargain agreement amounts to at least a gross injustice to the Relator if not an absolute denial of his right to due process.

## PRAYER

Relator prays this court Order the Trial court for the 8th District Court to perform its ministerial duty and honor the original plea bargain agreement.

Respectfully submitted,


/S/ *Frank R. Hughes*
Frank R. Hughes
Attorney at Law
P. O. Box 8145
Greenville, Texas 75404
(903)456-2703
State Bar No.: 10236500
ATTORNEY FOR RELATOR

## CERTIFICATION


"I am the attorney for Roy Dean Duffey, defendant in this cause; I have read the above Petition for Writ of Mandamus, and it is all true, correct and within my personal knowledge.

Further, the matters alleged and argued are neither frivolous nor futile";

/S/ *Frank R. Hughes*
Frank R. Hughes

## CERTIFICATE OF SERVICE

I hereby certify that on this 12day of January, 2015, a true and correct copy of the foregoing document was emailed all parties of interest, as set out below, as well as to the Respondent.

/S/ *Frank R. Hughes*
FRANK R. HUGHES

RESPONDENT: HONORABLE EDDIE NORTHCUTT
Judge, 8th Judicial District Court of Hopkins County, Texas
118 Church Street
Sulphur Springs, Texas 75482
distcrthopkins@hopkinscountytx.org

Real Party in Interest: STATE OF TEXAS
Represented by: WILL RAMSAY, DISTRICT ATTORNEY, 8TH JUDICIAL
DISTRICT COURT of Hopkins County, Texas
110 Main St.
Sulphur Springs, TX 75482
wramsay@hopkinscountytx.org